CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
January 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL DERRICK EDWARDS,<br>    Plaintiff, | )<br>)   Civil Action No. 7:24-cv-00895<br>) |
| v. | )<br>)   By: Elizabeth K. Dillon |
| RANDALL C. MATHENA, *et al.*,<br>    Defendants. | )   Chief United States District Judge<br>) |

**MEMORANDUM OPINION**

Plaintiff Michael Derrick Edwards, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) He alleges claims arising from his incarceration at Red Onion State Prison (ROSP). Edwards has not paid the filing fee.

Based on court records, it is clear that at least three of Edwards' previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Edwards may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, the court will dismiss the complaint in its entirety.

Plaintiff's complaint alleges a procedural due process violation based on his security classification and housing arrangement at ROSP. Plaintiff alleges that he has been in solitary confinement for the last five years. (Compl. at 16 of 23.) Notably, Edwards' complaint does not

---

[1] The following three cases all were dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous or for failure to state a claim: *Edwards v. Eads*, 7:14-cv-495 (W.D. Va. Oct. 28, 2015), *Edwards v. Scarberry*, 7:19-cv-288 (W.D. Va. June 21, 2019), and *Edwards v. Kiser*, 7:19-cv-382 (W.D. Va. June 21, 2019).

contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). Edwards does not complain of any ongoing physical injuries. Instead, his complaint focuses the conditions of his confinement in the context of a due process violation based on his inability to receive a different housing classification. This does not satisfy the three-strike exception in relation to imminent physical injury. *See, e.g.*, *Owlfeather-Gorbey v. Bowles*, Civil Action No. 7:16-cv-0054, 2016 WL 10588048, at *1 (W.D. Va. Dec. 6, 2016) ("While Plaintiff alleged uncomfortable conditions of confinement . . ., he does not demonstrate that these allegations constitute an imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g).").

As Edwards has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without

prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

    Entered: January 6, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge